UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE FUNDAMENTAL LONG TERM CARE, INC.,

    Debtor.
_____/

CASE NO. 8:11-bk-22258-MGW

ESTATE OF JUANITA JACKSON, et al.,

    Movants,

v.

CASE NO. 8:18-cv-1602-T-23

BETH ANN SCHARRER and
SHUMAKER LOOP & KENDRICK, LLP,

    Respondents.
_____/

**ORDER**

    The estates of six former nursing-home residents move (Doc. 1) to withdraw the reference of a motion (8:11-bk-22258, Doc. 2154) to disqualify the chapter 7 trustee's litigation counsel, Steven Berman and Shumaker Loop & Kendrick, LLP. The estates contend in the motion that Shumaker's representation of HCN, an owner of nursing facilities, creates a disqualifying conflict of interest. Also, the estates contend that Shumaker failed to disclose that a law clerk for the bankruptcy judge is a former Shumaker associate and is married to a Shumaker partner. Armed with these conflict theories, the estates demand that Shumaker disgorge all fees earned in

representing the trustee. The trustee and Shumaker oppose (Docs. 2, 3) the motion to withdraw the reference.

Under 11 U.S.C. § 157(d) "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." In deciding a motion to withdraw the reference, a district court considers whether withdrawal would promote efficiency and uniformity in bankruptcy administration. *In re Parklane/Atlanta Joint Venture*, 927 F.2d 532, 536 (11th Cir. 1991). A district court "should first evaluate whether the claim is core or non-core," because "questions of efficiency and uniformity" depend largely on the character of the proceeding. *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993).

The concept of a "core proceeding" comfortably includes the resolution of a motion to disqualify counsel. Section 157(b)(2) delineates several categories of core proceedings, which include "matters concerning the administration of the estate." The disqualification of counsel is "integrally tied to the administration of the estate," *In re Cabe & Cato, Inc.*, 524 B.R. 870, 877 (Bankr. N.D. Ga. 2014), and requires the consideration of rights and obligations created by federal bankruptcy law, including the appointment of counsel to the trustee under 11 U.S.C. § 327 and the disclosure obligations of counsel under Rule 2014, Federal Rules of Bankruptcy Procedure.

The bankruptcy judge's determination of the disqualification motion promotes the efficient use of judicial resources and advances uniformity in bankruptcy

procedure. The bankruptcy judge enjoys the advantage of presiding for six years over litigation involving the estates, the trustee, and their counsel. The bankruptcy judge "bring[s] a unique expertise to the question of when simultaneous representation . . . is a conflict that works to the detriment of the estate in bankruptcy [or] its creditors." *See In re Interwest Bus. Equip., Inc.*, 23 F.3d 311, 318 (10th Cir. 1994). And the bankruptcy judge "is on the front line, in the best position to gauge the ongoing interplay of factors and to make delicate judgment calls" about the retention and disqualification of counsel. *In re Martin*, 817 F.2d 175, 182–83 (1st Cir. 1987).

The resolution of a motion to disqualify counsel in this circumstance is a core proceeding and the pertinent considerations decisively favor denying withdrawal. The motion (Doc. 1) to withdraw the reference is **DENIED**. The clerk is directed to close the case.

ORDERED in Tampa, Florida, on November 1, 2018.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE